**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SHANE A. SHORTRIDGE,**

    **Petitioner,**                       **CIVIL CASE NO. 09-CV-1128**
                                         **CRIM. CASE NO. 05-CR-187**
**v.**                                          **JUDGE ALGENON L. MARBLEY**
                                           **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant motion, Respondent's Return of Writ and Supplemental Response, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying criminal convictions on two counts of conspiracy to distribute crack cocaine are the result of his November 8, 2005, negotiated guilty plea. (ECF Nos. 34, 44.) On August 8, 2006, the District Court entered judgment and imposed a sentence of 222 months imprisonment. (ECF No. 100.) Petitioner filed a timely appeal in which he asserted that the District Court erroneously treated the sentencing guidelines as mandatory specifically related to the drug-quantity table. On October 5, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's sentence. (ECF No. 119.) Upon Motion of the Petitioner, on February 10, 2009, the District Court reduced Petitioner's sentence from 222 months to 176 months imprisonment pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 129.) Petitioner did not file an appeal.

On December 15, 2009, Petitioner filed the instant motion to vacate, set aside or correct sentence. He asserts as follows:

> 1. I wrote Attorney Steven Nolder before they sentence me to the two level deduction. I told him to appeal at the sentencing for the two level deduction no matter the outcome, s[ince] you only have 10 days for a direct appeal. He never did that for my case.
>
> 2. I wrote Attorney Steven Nolder on the matter of 1:1 ratio. . . .

Petitioner asserts that he was denied effective assistance of counsel because Attorney Nolder failed properly to consult with him regarding the filing of an appeal under *Roe v. Flores-Ortega,* 528 U.S. 470, 478 (2000) and failed to file an appeal of the District Court's February 10, 2009 re-sentencing reducing his sentence from 222 to 176 months imprisonment. *See Petitioner's Reply.*

It is the position of the Respondent that Petitioner's claims are without merit.

## MERITS

The failure of an attorney to file a timely appeal upon the defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)*; cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. at 478. In *Roe v. Flores-Ortega*, the Supreme Court held that an attorney is constitutionally required to consult with a criminal defendant regarding the filing of an appeal where there is reason to think that "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," or where the "defendant reasonably demonstrated" to his attorney his desire to appeal. *Id.* at 480. In making this determination, the Court is to consider all of the circumstances of the case.

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id*.

Here, the record reflects that defense counsel did not perform in a constitutionally ineffective manner by failing to consult with Petitioner regarding the filing of a notice of appeal.

The attachments to Respondent's Supplemental Response contains all correspondence between defense counsel and Petitioner. (See ECF No. 143-1.) On July 16, 2008, defense counsel received a letter from Petitioner in which Petitioner inquired whether he would be eligible for a reduction of his sentence based on the application of the November 1, 2007 amendment to the United States Sentencing Guidelines based on the disparity in sentencing related to cases involving crack cocaine. In a letter received by defense counsel on September 25, 2008, Petitioner inquired as to whether his sentence could be further reduced and questioned whether miscalculations in his prior criminal history would support a basis under 18 U.S.C. § 3582(c)(2) for this reduction.

Attorney Nolder responded in a letter dated October 9, 2008, in relevant part as follows:

> [T]he representatives of the United States Probation Office and the United States Attorney's Office . . . agree that you are eligible for the reduction and are willing to recommend a sentence at the same point within the new guideline sentencing range as your original sentence fell within your old guideline range. If you agree to such a resolution. . . the parties would recommend to your judge that a 176 month sentence would be appropriate. . . . If you are agreeable to this . . . result, please indicate your acceptance of this proposal by signing your name at the bottom of this letter and returning the original in the self-addressed stamped envelope that is enclosed herewith.

(ECF No. 143-1.) On October 16, 2008, Petitioner indicated by his signature that he agreed. *Id*. On October 22, 2008, Mr. Nolder filed the Motion to Reduce Sentence. (ECF No. 128.) Shortly thereafter, on October 29, 2008, defense counsel received another letter from Petitioner indicating, if he was sentenced within the Guidelines, he wanted his attorney to "direct appeal the sentence cause they know other circuits are using Kimbrough for crack cases making the ration 20-1[. N]ow that['s] a big reduction." (ECF No. 143-1.) On February 10, 2009, the Court granted the Motion to Reduce Sentence from 222 months to 176 months. (ECF No. 129.) In correspondence dated that

4

same day, Mr. Nolder advised Petitioner that the District Judge had reduced his sentence. Mr. Nolder also expressly indicated to Petitioner that "[t]his shall complete my representation." (ECF No. 143-1.)

Petitioner took no further action until nine months later when, on November 3, 2009, defense counsel received a letter from Petitioner indicating that he understood defendants were filing motions under 18 U.S.C. § 3582 for a 1 to 1 crack to cocaine ratio in sentencing, and requesting whether defense counsel would assist him with such a motion. *See id.* On the same date, Attorney Nolder advised Petitioner:

> I'm in receipt of your letter seeking assistance in filing a § 3582(c)(d) motion to have the court apply a 1:1 statutory ratio. I know there is a lot of excitement on this issue in the prison but it is not yet the law; instead it is only a proposal. I believe that this bill only made its way out of the Judiciary Committee on October 15th and it has a long way to go before it becomes the law. Consequently, in my opinion, you are wasting both your time as well as the court's, if you file something before the law changes. We all have our fingers crossed and I hope to be the bearer of good news in a few months. Be patient!

*Id.*

On November 1, 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines, found in USSG §2D1.1, to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended §1B1.10 of the Guidelines to authorize courts to retroactively apply Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria. As a result, Attorney Nolder filed a Second Motion to Reduce Sentence on behalf of Petitioner recommending a reduction in his sentence to 142 months. (ECF No. 152.) Petitioner had been

apprised of this Motion and agreed to the recommended sentence. *Id.* On December 21, 2011, the Court granted the Motion and further reduced Petitioner's sentence from 176 months to 142 months. (ECF No. 153.) Petitioner did not file an appeal.

As to his first re-sentencing, Petitioner signed a document indicating that he agreed to the parties' joint recommendation to reduce his sentence from 222 to 176 months imprisonment. Defense counsel plainly advised Petitioner on the date the District Court reduced Petitioner's sentence, that his representation of Petitioner was complete. Defense counsel had no further obligation to discuss with Petitioner the availability of filing an appeal under *Roe v. Flores-Ortega*. More to the point, the record indicates no non-frivolous grounds for an appeal existed. Any issue regarding Petitioner's prior criminal history calculation should have been raised in his initial appeal and did not constitute grounds for reduction of his sentence under 18 U.S.C. § 3582(c)(2). *United States v. Allen*, 6154 F.3d 253, 258 (6th Cir. 2010) (citing *Dillon v. United States*, – U.S. –, 130 S.Ct. 2683, 2692 (2010) (holding that issues related to findings of initial sentencing hearing are beyond the scope of sentence reduction proceedings under § 3582(c)(2) which does not authorize "plenary resentencing proceedings.") Further, the District Court sentenced Petitioner exactly as he agreed and had anticipated.

That his defense counsel later secured an additional reduction of Petitioner's sentence does not alter the outcome. This reduction was precipitated by changes to the Sentencing Guidelines implemented by the Sentencing Commission rather than any error of law. Indeed, the further reduction of the sentence only bolsters the conclusion that Petitioner had no non-frivolous grounds to appeal his sentence following the first reduction.

Under these circumstances, where the record conclusively establishes relief is not warranted, no evidentiary hearing is required. Petitioner has failed to establish that a "fundamental defect" resulted in a "complete miscarriage of justice" or "an error so egregious. . . it amounts to a violation of due process" entitling him to habeas corpus relief. *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*quoting Hill v. United States*, 368 U.S. 424, 428 (1968)).

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**